1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KYLE AVERY,
CDCR #E-67897,

                                    Plaintiff,

           vs.

J. BEARD, KELLY HARRINGTON,
RALPH DIAZ, KATHLEEN ALLISON,
VINCENT CULLEN, NATALIE
FRANSHAM, DAVID SKAGGS, DAWN
DESROSIERS, M.D. STAINER,
TIMOTHY M. LOCKWOOD, S.K.
HEMENWAY and R.L. BRIGGS,

                                    Defendants.

Case No.:  16cv0699-BTM (DHB)

**ORDER:**

**(1)  GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS PURSUANT
TO Fed. R. Civ. P. 12(b)(6);**

**(2)  DISMISSING DEFENDANTS
DIAZ, ALLISON, CULLEN,
FRANSHAM, SKAGGS,
DESROSIERS AND STAINER;**

**(3)  GRANTING PLAINTIFF'S
MOTION FOR STAY; and,**

**(4)  ISSUING A 90-DAY STAY**

        Kyle Avery ("Plaintiff"), a prisoner at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se and in forma pauperis ("IFP") with a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claims that employees of the California Department of Corrections and Rehabilitation ("CDCR") are unconstitutionally denying him equal protection of the laws and interfering with the free exercise of his religious beliefs by denying separate outdoor worship areas

1

for practitioners of the Wiccan and Odinist religions.  (ECF No. 1 at 17-38.)[1]  He seeks fees, costs, a jury trial, a declaration of rights, and an injunction requiring separate outdoor worship facilities for Wiccans and Odinists, as well as the appointment of a paid pagan chaplain and mandatory religious tolerance classes for CDCR employees.  (Id. at 39-40.)

Defendants Diaz, Allison, Cullen, Fransham, Skaggs, Desrosiers and Stainer have filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), on the basis that the Complaint fails to allege they personally participated in the asserted constitutional violation.[2]  (ECF No. 23.)  These Defendants contend that their only connection to this case, and the only allegation against them in the Complaint, is that they were recipients of a CDCR memorandum setting forth guidelines for the establishment of new outdoor worship areas and the standardization of such existing areas.  (Id. at 9-10.)  In addition, all Defendants seek to dismiss any claim Plaintiff purports to bring on behalf of practitioners of the Odinist religion, because they contend that Plaintiff is a Wiccan and not an Odinist, and as a pro se litigant is precluded from bringing claims on behalf of others.  (Id.)

Plaintiff opposes the Motion to Dismiss, arguing that he is not asserting claims on behalf of others because he is involved with both the Wiccan and Odinist religions, but in any case the gravamen of his Complaint is that an exclusive worship area is needed by the Wiccans, and not one shared with the Odinists as CDCR policy requires.  (ECF No. 29 at 2-4.)  He argues that he has alleged personal participation by all of the Defendants through their receipt of the CDCR memorandum because it shows they were aware of and failed to prevent the alleged constitutional violation, and they would not have received it if they were not involved in the policy decision which caused the violation.  (Id. at 4-6.)

Plaintiff has also filed a Motion for a Stay pending exhaustion of administrative remedies.  (ECF No. 29.)  He states that he has already begun exhausting administrative

---

[1]  The Court will cite to page numbers as assigned by the Court Electronic Case Filing ("ECF") system.

[2]  The remaining Defendants, Beard, Harrington, Briggs, Lockwood and Hemenway, have been served with the Complaint but do not join this aspect of the Motion to Dismiss.

16cv0699-BTM (DHB)

remedies with respect to the lack of a sweat lodge and a request for Wiccan spiritual items. (ECF No. 27 at 5.)  He requests a stay of this action until he completes the exhaustion process, after which he will amend his Complaint.  (Id.)  Defendants have filed a Reply in which they do not oppose a stay pending exhaustion of administrative remedies, although they reserve the right to move to dismiss any amended complaint, and repeat that they are entitled to dismissal due to the lack of allegations of their personal involvement in the alleged constitutional violation.  (ECF No. 32.)

The Court has previously informed the parties that proposed findings and recommendations by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. CAL. CIVLR 72.3(a) would not be necessary.  (ECF No. 25.)  Having considered the papers submitted, and for the reasons discussed below, the Court finds that Plaintiff has failed to state a plausible claim upon which relief may be granted as to Defendants Diaz, Allison, Cullen, Fransham, Skaggs, Desrosiers and Stainer, and therefore **GRANTS** in part the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and **DISMISSES** these Defendants without prejudice.  Because Plaintiff is not attempting to represent other individuals in this action, the Court **DENIES** in part the Motion to Dismiss on that basis.  The Court **GRANTS** Plaintiff's unopposed Motion for a Stay, and **ISSUES** a brief stay pending exhaustion of administrative remedies.

## I.   Plaintiff's Complaint

Plaintiff attaches to his Complaint a January 20, 2015, CDCR Memorandum from Defendant Kelly Harrington, the Acting Director of the Division of Adult Institutions, which is addressed to the Associate Directors of the Division of Adult Institutions, the Wardens of the CDCR prisons, and the Community Resources Managers.  (ECF No. 1 at 15-16.)  The memorandum sets forth revised guidelines for building new outdoor religious and spiritual grounds and the standardization of any such areas already in existence.  (Id.) It recognizes that any new areas created would be in addition to Native American sweat lodge grounds already in existence, which practitioners of other religions are not permitted to use.  (Id.)  Plaintiff filed an inmate grievance contending that the Wiccan and Asatru

religions (Plaintiff uses Odinist and Asatru interchangeably), as does the Native American religion, require separate spiritual areas, and that requiring Wiccans and Asatrus to share a spiritual area prevented him, as a Wiccan, from practicing his faith according to his sincerely held beliefs. (Id. at 17-18, 45-46.)

Plaintiff alleges in his Complaint that the denial of a separate outdoor spiritual area for practitioners of the Wiccan and Odinist/Asatru religions impairs their ability to freely exercise their religious beliefs, as does the CDCR policy which prohibits symbolism and totems, essentially requiring any spiritual grounds to be a bare dirt area with no permanent symbols. (Id. at 19-38.) He alleges symbolism is a central tenant of the Wiccan and Odinist religions, but they have different symbols, and the denial of the ability to have permanent symbols in their own separate space denies them the ability to strengthen the energy of the area in order to make it sacred and sanctified, because the energy is reset whenever a non-adherent enters the area and when the symbols are removed and replaced. (Id.)

The factual allegations against Defendants Diaz, Allison, Cullen, Fransham, Skaggs, Desrosiers and Stainer consist entirely of the fact that their names or job titles are listed on the January 20, 2015 memorandum. (Id. at 12-14, 20-21, 29, 32.) Plaintiff claims they are liable for depriving him of the ability to practice his sincerely held religious beliefs solely by virtue of their having received the January 20, 2015 memorandum, because it made them aware of the constitutional violation arising from the lack of separate spiritual areas for the Wiccan and Asatru religions, and because they would not have received the memorandum if they did not have "the ability to end it or created the policy." (Id. at 20-21.) Unlike these Defendants, the Complaint contains allegations of personal participation by the remaining Defendants, Beard (id. at 12, 26-28), Lockwood (id. at 14, 29-30), Hemenway (id. at 14, 18, 25), Harrington (id. at 12), and Briggs (id. at 14, 18, 25), who have not joined this aspect of the Motion to Dismiss.

Plaintiff divides his pleading into three causes of action. In his first cause of action he claims the Defendants coerced him and other Wiccans and Asatrus in California prisons to abandon a sincerely held religious practice in violation of the First Amendment to the

United States Constitution.  (ECF No. 1 at 21-30.)  In the second cause of action he claims the Defendants took that action in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., which permits the Court to issue injunctive relief.  (Id. at 31-33.)   And in the third cause of action he claims that the Defendants have violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by treating the Wiccan and Odinist religions differently than the Native American religion.  (Id. at 34-38.)

Plaintiff does not seek money damages, but seeks a declaration of the rights of the parties, as well as fees, costs, and a jury trial.  (Id. at 39.)  He also seeks an injunction requiring separate outdoor worship facilities for Wiccans and Odinists with running water, security fencing, altars, storage lockers, and ADA compliant walkways, as well as the appointment of a paid pagan chaplain, and mandatory religious tolerance classes for CDCR employees.  (Id. at 39-40.)

## II.   Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  However, courts may consider exhibits that are attached to the complaint.  See FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss).  However, exhibits that contradict the allegations of a complaint may fatally undermine the complaint's allegations.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary

to his claims."), citing <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); <u>see also</u> <u>Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology</u>, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556, 570 (2007).  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996), citing <u>Nat'l Wildlife Fed. v. Espy</u>, 45 F.3d 1337, 1340 (9th Cir. 1995). The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell</u>, 266 F.3d at 988, citing <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (a court is not bound to accept "a legal conclusion couched as a factual allegation.")

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" <u>Id.</u>, quoting <u>Twombly</u>, 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.")

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009), quoting Iqbal, 556 U.S. at 678.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford [the] plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). The rule, however, "applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). Courts may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).

## III.    Defendants' Motion to Dismiss

Defendants Diaz, Allison, Cullen, Fransham, Skaggs and Desrosiers, the six people listed at the end of the January 20, 2015 CDCR memorandum in the "cc" section, who were copied with the memorandum, as well as Defendant Stainer, a recipient of the memorandum by virtue of his position as a Director of the Division of Adult Institutions of the CDCR at the time the memorandum was issued, move to dismiss themselves from the Complaint on the basis that Plaintiff has named them as Defendants merely because they received the memorandum, and there are therefore no allegations whatsoever of their personal participation in any alleged constitutional violation. (ECF No. at 23-1 at 9-10.) They also contend there is no basis for Plaintiff to have named them because he has sued them only in their official capacities and only for injunctive relief, but has named additional Defendants who are not moving to dismiss and who would be bound by any injunction this Court may issue, including Dr. Jeffrey Beard, the Secretary of the CDCR, Kelly

Harrington, the Acting Director of the Division of Adult Institutions, and Timothy M. Lockwood, the Chief of the Regulation and Policy Management Division of the CDCR. (Id. at 10.)  Defendants also move to dismiss claims alleging denial of an adequate outdoor worship area for practitioners of the Odinist religion, on the ground that Plaintiff is not a member of that religion, and, as a pro se litigant, is not permitted to litigate claims on behalf of other persons.  (Id. at 8-9.)

## A.  Personal Participation

Defendants Diaz, Allison, Cullen, Fransham, Skaggs, Desrosiers and Stainer move to dismiss the Complaint against them on the basis that Plaintiff has not alleged that any of them personally participated in the alleged denial of his rights, directed any other Defendant to violate his rights, or knew of and failed to prevent a violation of his rights. (Id. at 9-10.)  Plaintiff identifies Defendant Stainer as the Director of the Division of Adult Institutions at the time the 2015 memorandum was issued, Defendant Diaz as a Deputy Director of the Facility Operations Division of Adult Institutions, and Defendant Allison as a Deputy Director of the Facility Support Division of Adult Institutions, and states that they are all based at CDCR's headquarters.  (ECF No. 1 at 12-14.)  Defendant Skaggs is identified as a Community Resource Manager for the Division of Adult Institutions who "oversees religious activities and issues within CDCR."  (Id. at 13.)  Defendants Cullen, Fransham and Desrosiers are identified as employees of the CDCR, but whose "position as an employee is unclear."  (Id. at 13-14.)

The factual allegations against these Defendants consist entirely of the fact that their names or job titles are listed on the January 20, 2015 memorandum, and Plaintiff claims that by virtue of the fact that the CDCR sent them the memorandum they are involved in making or implementing the policy of inadequate sacred areas.  (Id. at 12-14, 20-21, 29, 32.)  He seeks to hold these Defendants liable because they knew of and failed to prevent adoption of the CDCR policy outlined in the memorandum, because by receiving the memorandum (or by being employed by the CDCR in a position that required they be sent the memorandum), they became aware that the CDCR was proposing an unconstitutional

policy, which was ultimately adopted, and were perhaps involved in the policy decision. (Id.)  Unlike these Defendants, the Complaint contains allegations of personal participation by the remaining Defendants, Beard (id. at 12, 26-28), Lockwood (id. at 14, 29-30), Hemenway (id. at 14, 18, 25), Harrington (id. at 12), and Briggs (id. at 14, 18, 25), who have not joined this aspect of the Motion to Dismiss.

   To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege that each defendant personally participated in the deprivation of his constitutional rights.  Iqbal, 556 U.S. at 673; Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014).  Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 672-673; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).   Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard.  Id.; see also Moss, 572 F.3d at 969.

    "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986); Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.")  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

1    Plaintiff has not stated a claim against Defendants Diaz, Allison, Cullen, Fransham,

2    Skaggs, Desrosiers and Stainer because he has failed to allege <u>facts</u> regarding what actions

3    they took, or failed to take which they were legally required to take, which caused the

4    alleged constitutional violation.  <u>See</u> <u>Canton</u>, 489 U.S. at 385 ("*Respondeat* superior and

5    vicarious liability will not attach under § 1983.")  Rather, Plaintiff claims they were aware

6    of the policy which he challenges here and failed to prevent its implementation.  But that

7    allegation is based solely on the fact that they are employed by the CDCR in positions

8    which caused them to be sent the 2015 policy memorandum.  (ECF No. 1 at 29.)  The

9    Complaint fails to allege facts supporting the wholly conclusory allegation, (or more

10   precisely the unsupported presumption), that these Defendants had the ability or authority

11   to develop, implement, or prevent the implementation, of the policy of which they were

12   informed in the memorandum.  Plaintiff's allegation that the fact that the memorandum

13   was sent to these Defendants is proof they must have had some influence on the adoption

14   or implementation of the policy, is the type of "[t]hreadbare recitals of the elements of a

15   cause of action, supported by mere conclusory statements, [which] do not suffice" to state

16   a claim for relief.  <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 555.  For that reason, and

17   because Plaintiff's allegations against these Defendants are based on the "mere possibility

18   of misconduct," the Complaint falls short of meeting the <u>Iqbal</u> plausibility standard.  <u>Iqbal</u>,

19   556 U.S. at 679; <u>see also</u> <u>Sprewell</u>, 266 F.3d at 988 (the Court need not "accept as true

20   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

21   inferences.")

22   Accordingly, the Court grants in part the Motion to Dismiss by Defendants Diaz,

23   Allison, Cullen, Fransham, Skaggs, Desrosiers and Stainer, and dismisses these Defendants

24   from this action.  The dismissal is without prejudice to Plaintiff to attempt to cure the defect

25   of pleading against these Defendants, if he wishes to attempt to do so, in the First Amended

26   Complaint he has indicated he intends to file, and which, as detailed below, must be

27   complete in and of itself without reference to his original Complaint, and in which any

28   Defendants not named or any claims not re-alleged will be waived.

### B. Representation of Others

Defendants also seek to dismiss any claim Plaintiff brings on behalf of other persons. Specifically, they contend that by alleging that the CDCR policy fails to provide for the construction of separate spiritual areas for Plaintiff's religion, Wiccan, as well as for the Odinist religion, and in seeking that separate areas be built for those two religions, Plaintiff is attempting to assert claims on behalf of Odinist adherents.  (ECF No. 23-1 at 8-9.)

Plaintiff argues that he is not presenting claims on behalf of anyone except himself, and that he has alleged facts regarding other religions in order to identify the effects on him arising from the CDCR policy, and because he is required to show he belongs to a mainstream religion.  (ECF No. 29 at 2-3.)  He also contends that "his faith places him on a fence between Asatru and Wiccan because he follows a Vanir path of Asatru.  This path is where Norse Wicca and Wotenism become connected and therefore Plaintiff can and does take a position legally for both the Odinist and Wiccans.  He can speak on the tenants of both faiths as he is connected to both as a Vanir."  (Id. at 4.)

Defendants are correct that Plaintiff, as a pro se litigant, is not permitted to bring claims on behalf of others in a representative capacity.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  However, Plaintiff has stated that he is not presenting claims on behalf of others, but only on behalf of himself, and the Court will accept at this stage of the proceedings his representation that he is bringing claims only on his own behalf.  The Defendants' Motion to Dismiss is **DENIED** in part on that basis without prejudice to reassert it at a later stage of the proceedings should the issue arise.

## IV.  Plaintiff's Motion for Stay

Plaintiff has filed a Motion for Stay in which he requests the Court stay this action while he exhausts his administrative remedies with respect to claims that adherents of the Wiccan religion should have access to a sweat lodge and certain spiritual items.  (ECF No. 27 at 5.)  Plaintiff indicates that he has already begun the exhaustion process.  (Id. at 1-2.)  The Defendants do not oppose a stay for that purpose, but reserve the right to move to dismiss any amended complaint.  (ECF No. 32 at 5.)

16cv0699-BTM (DHB)

"[A] prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1210 (9th Cir. 2012), quoting <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). "If, however, a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." <u>Id.</u>, citing <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1007 (9th Cir. 2010).

Here, it appears that the new claims Plaintiff seeks to add arose prior to filing his Complaint.  Nevertheless, in <u>Cano v. Taylor</u>, 739 F.3d 1214 (9th Cir. 2014), the Ninth Circuit found that permitting amendment of a complaint to add claims which arose prior to the filing of the complaint but which were administratively exhausted after the complaint (which contained properly exhausted claims) was filed, "serves the policies underlying the PLRA," whereas forcing a plaintiff to file a separate complaint to bring such claims would not serve those policies.  <u>Id.</u> at 1220.

For good cause shown, the Court **GRANTS** Plaintiff's Motion for Stay.  This action is stayed for ninety (90) days after the date of this Order or until Plaintiff completes exhaustion of administrative remedies, whichever occurs first.  Plaintiff is directed to immediately inform the Court when he has completed exhaustion of administrative remedies.  If he has not done so within ninety (90) days after the date of this Order, he may request an extension of the stay by informing the Court of the status of his administrative remedies.

## V.    Conclusion and Orders

For all the reasons discussed, the Court:

1)    **GRANTS** in part Defendants' Motion to Dismiss and dismisses Defendants Diaz, Allison, Cullen, Fransham, Skaggs, Desrosiers and Stainer from this action without prejudice pursuant to FED. R. CIV. P. 12(b)(6);

2)    **DENIES** in part Defendants' Motion to Dismiss without prejudice to the extent Plaintiff seeks to litigate claims of others in a representative capacity;

16cv0699-BTM (DHB)

3)     **GRANTS** Plaintiff's Motion for Stay; and,

4)     **ISSUES** a stay.  This action is **STAYED** for ninety (90) days after the date of this Order or until Plaintiff completes exhaustion of his administrative remedies, whichever occurs first.  Plaintiff is directed to inform the Court as soon as he has exhausted his administrative remedies, or, if he has not completed exhaustion of his administrative remedies within ninety (90) days of the date of this Order, to request an extension of the stay.  After Plaintiff has exhausted his administrative remedies, he must file a First Amended Complaint forthwith.  Plaintiff is cautioned that if he does not inform the Court of exhaustion or request an extension of the stay within ninety (90) days of this Order, or does not file a First Amended Complaint forthwith after exhaustion, the Court will lift the stay and proceed with the claims in the Complaint.  Should he choose to file a First Amended Complaint, it must be complete in and of itself, comply with Federal Rule of Civil Procedure 8(a), and any claim not re-alleged or any Defendant not re-named will be considered waived.  See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc., 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

Dated:  March 20, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court

13

16cv0699-BTM (DHB)