UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY,<br>CDCR #E-67897,<br><br>        Plaintiff,<br><br>vs.<br><br>J. BEARD, et al.,<br><br>        Defendants. | Case No.: 3:16-cv-00699-BTM-RNB<br><br>**ORDER DENYING MOTION<br>TO RE-OPEN CASE**<br><br>**[ECF No. 47]** |

Kyle Avery ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action, filed pursuant to 42 U.S.C. § 1983.

On December 21, 2017, V. Cullen, R. Diaz, K. Harrington, R. Briggs, D. Skaggs, K. Allison, D. Desrosiers, S. Hemenway, N. Fransham, J. Beard, M. Stainer, and T. Lockwood ("Defendants") filed a Notice of Settlement (ECF No. 44), and on January 4, 2018, all parties filed a Joint Motion to Dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and S.D. Cal. CivLR 7.2 (ECF No. 45). On January 8, 2018, the Court granted the Joint Motion and entered an Order Dismissing Case with Prejudice (ECF No. 46). All parties agreed to bear their own costs. (*Id.* at 2.)

Four months later, on May 3, 2018, Plaintiff filed an ex parte document entitled "Motion to Re-Open Case due to Breach of Settlement Agreement" (ECF No. 47).

Because Plaintiff did not serve Defendants with this Motion, the Court notified Defendants and set a briefing schedule in order to provide them with an opportunity to respond (ECF No. 48). On May 17, 2018, Defendants filed their Opposition (ECF No. 49).

### I. Plaintiff's Motion to Re-Open

On December 20, 2017, Plaintiff "entered into a settlement agreement with CDCR for the monetary sum of $2,041" to settle this case. (*See* Pl.'s Mot. to Re-Open, ECF No. 47 at 1.) Plaintiff claims the "calculation was aimed at [his] desire to pay all liens, holds, and prison encumbrances upon [his] trust statement and account," and was based on an understanding that there would remain a "surplus" of $183 which would permit him to "purchase a 15" flat screen T.V." (*Id.* at 1-2.) Plaintiff now seeks to "re-open his case" because the "CDCR breached [the] contract by failing to declare the full extent of debt upon [his] prison account" which "caus[ed] the calculations to be based on misinformation." (*Id.* at 3-4.) Plaintiff further requests that Court schedule a new settlement conference and permit him to "re-designate a payee because he cannot trust CDCR to handle his settlement money." (*Id.* at 4.)

### II. Defendants' Response

Defendants object primarily because the Court lacks subject matter jurisdiction to re-open the case. *See* Defs.' Opp'n, ECF No. 49 at 3-4. Moreover, Defendants argue that while Plaintiff does not expressly seek to set aside the judgment pursuant to Fed. R. Civ. P. 60(b), he has nevertheless failed to demonstrate that the Court's January 8, 2018 judgment was based on fraud, misrepresentation, or misconduct. *See* Defs.' Opp'n, ECF No. 49 at 3-8.

### III. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and the party alleging subject matter jurisdiction carries the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends. *O'Connor*

*v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Ordinarily, if a dispute arises under a settlement agreement it is "a separate contract dispute requiring its own independent basis for jurisdiction." *Id.*; *see also Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). Therefore, unless the parties agree that the district court retain ancillary jurisdiction to enforce the agreement, and incorporate its stipulated terms into its order of dismissal, the Court lacks the power to enforce the terms of settlement. *Id.* at 1095.

Here, Defendants argue, and the Court has confirmed, that the parties did not ask the Court to retain jurisdiction in order to enforce the settlement agreement reached by them, nor did they incorporate the terms of settlement into their Joint Motion seeking dismissal of the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and S.D. Cal. CivLR 7.2. (*See* ECF Nos. 44, 45.) Instead, the Court's January 8, 2018 Order of Dismissal (ECF No. 46) provides in its entirety:

> The Court has reviewed the Joint Motion to Dismiss[1] all claims against Defendants V. Cullen, R. Diaz, K. Harrington, R. Briggs, D. Skaggs, K. Allison, D. Desrosiers, S. Hemenway, N. Fransham, J. Beard, M. Stainer, and T. Lockwood with Prejudice. The Court **GRANTS** the Motion and dismisses this action with prejudice. All parties shall bear their own costs.

(ECF No. 46 at 1.)

Therefore, the Court finds it lacks jurisdiction to enforce the terms of the settlement agreement reached in this case, and DENIES Plaintiff's Motion to Re-Open on that basis.

**IV. Rule 60(b)**

Federal Rule of Civil Procedure 60(b) also "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances

---

[1] The Joint Motion to Dismiss indicated only that Plaintiff and Defendants "have settled this case," and therefore "move the Court under Federal Rule of Civil Procedure 41(a)(2) and Local Rule 7.2 to dismiss the action against Defendants with prejudice. [¶] Each party to bear its own costs and fees. [¶] THE PARTIES SO STIPULATE." (ECF No. 45 at 2.)

including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(3) specifically provides that that the Court "may relieve a party or its legal representative from a final judgment, order or proceeding based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A motion pursuant to Rule 60(b)(3) must "be made within a reasonable time," which is capped at one year. *See* Fed. R. Civ. P. 60(c)(1).

As noted above, the Court granted the parties' Joint Motion to Dismiss this case on January 8, 2018. *See* ECF No. 46. Therefore, to the extent Plaintiff's May 3, 2018 Motion to Re-Open essentially seeks to set aside the Court January 8, 2018 Order of dismissal pursuant to Rule 60(b)(3), it is timely.

However, "[t]o prevail [under Rule 60(b)(3)], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991)); *see also Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3448558, at *8 (N.D. Cal. Aug. 31, 2010), *aff'd sub nom. Robinson v. Lamarque*, 581 F. App'x 695 (9th Cir. 2014).

This is because "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (quotation marks and citation omitted). District courts have wide discretion in making this determination. *See id.*; *see also Duyen Kwong v. Santa Clara Cty. Sheriff's Office*, No. 17-CV-02127-BLF, 2018 WL 2041797, at *2 (N.D. Cal. May 2, 2018).

///

Here, Plaintiff claims the "CDCR [did] not fully disclose[] the total amount of IFP warrants[2] owed on his prison account," *see* Pl.'s Mot., ECF No. 47 at 2, and that they "pull[ed] withheld IFP warrants from out of God knows where and add[ed] those to his trust account activity & encumbrances owed," so that he was left with insufficient funds with which to purchase a 15" flat screen TV. *Id.* at 3. As a result of this "misinformation" regarding the full amount of his own debt, Plaintiff claims the settlement "contract was breached," and must be corrected. *Id.* at 4.

Notwithstanding the fact that Plaintiff is in the best position to know just how many lawsuits he has filed and what fees are due as a result of his litigation history, Defendants argue that "the fundamental component [of the agreement] was settling the underlying lawsuit for a certain sum, not the manner in which the sum was calculated." Defs.' Opp'n, ECF No. 49 at 5. Because Plaintiff was paid the amount agreed upon and in full, *see* Decl. of A. Neihaus in Supp. of Defs.' Opp'n, ECF No. 49-1 at 2 ¶ 2, and because he has failed to show how his own factual mistake as to the magnitude of his debt was attributable to fraud, misconduct, or any misrepresentations on Defendants' part which were and not otherwise discoverable through his own due diligence, *see Casey*, 362 F.3d at 1260 (citing *Pac. & Arctic Ry. and Navigation Co.,* 952 F.2d at 1148), the Court finds he has not proven by clear and convincing evidence that the settlement

---

[2] By "IFP warrants," the Court and Defendants presume that Plaintiff is referring to the total amount of filing fees he owes for having initiated several separate civil action and/or appeals in federal district courts and/or courts of appeal, in addition to this case, after having been granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." He may do so in installments pursuant to 28 U.S.C. § 1915(b)(1) and (2), and "in no event shall the filing fees collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment," *id.*, § 1915(b)(3), however he remains obligated to pay the entire fee for each case or appeal he files, regardless of outcome. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016).

reached in his case was "unfairly procured" by the opposing parties. *See De Saracho*, 206 F.3d at 880.

## V. Conclusion and Order

For the reasons discussed, the Court DENIES Plaintiff's Motion to Re-Open Case [ECF No. 47]. The case and the Court's file in this matter will remain closed.

**IT IS SO ORDERED**.

Dated: September 18, 2018

*[signature]*

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court